Williams aka Landry v. St 















IN THE
TENTH COURT OF APPEALS
 

NO. 10-92-177-CR

        GERALD RAY WILLIAMS
        A/K/A JOHNNY RAY LANDRY,
                                                                                       Appellant
        v.

        THE STATE OF TEXAS,
                                                                                       Appellee
 

 From the 351st District Court
Harris County, Texas
Trial Court # 599,462
                                                                                                                
                                                                     
O P I N I O N
                                                                                                     

          In this case the Appellant was charged by indictment with the offense of unauthorized use
of a motor vehicle. A second paragraph alleged that the Appellant used and exhibited a deadly
weapon during the commission of the alleged offense. Appellant waived a jury and entered a plea
of guilty before the court, whereupon the trial court found him guilty and assessed his punishment
at three (3) years in the Texas Department of Criminal Justice, Institutional Division, with an
affirmative finding that Appellant used and exhibited a deadly weapon during the commission of
the offense.
          Counsel on appeal has filed an Anders brief. See Anders v. California, 386 U.S. 739, 87
S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our Court of Criminal Appeals had adopted the holding in
Anders. Stafford v. State, 813 S.W.2d 503, 509 (Tex. Crim. App. 1991). In Anders the United
States Supreme Court held:
The constitutional requirement of substantial equality and fair process can only be attained
where counsel acts in the role of an active advocate in behalf of his client, as opposed to
that of amicus curiae . . . . His role as advocate requires that he support his client's appeal
to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after
a conscientious examination of it, he should so advise the [appellate] court and request
permission to withdraw. That request must, however, be accompanied by a brief referring
to anything in the record that might arguably support the appeal. A copy of counsel's brief
should be furnished the indigent and time allowed him to raise any points that he chooses;
the court—not counsel—then proceeds, after a full examination of all the proceedings, to
decide whether the case is wholly frivolous. If it so finds it may grant counsel's request
to withdraw and dismiss the appeal insofar as federal requirements are concerned, or
proceed to a decision on the merits, if the state law so requires. On the other hand, if it
finds any of the legal points arguable on their merits (and therefore not frivolous) it must,
prior to decision, afford the indigent the assistance of counsel to argue the appeal.
Anders, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d 493.
          After counsel files a proper Anders brief, the court of appeals must conduct its own review
of the record to ascertain if there are any arguable grounds for the appeal. Stafford, 813 S.W.2d
at 511. Counsel filed an Anders brief asserting that he had reviewed the entire appellate record
and, in his professional opinion, appeal of the judgment is without merit and frivolous. Counsel's
brief states that the indictment alleged all necessary elements of the charged offense, and that the
plea agreement signed by Appellant admits and confesses that he was guilty of the offense charged.
          In his Anders brief, Appellant's counsel recites that Appellant complains that he would not
have pleaded guilty to the offense of unauthorized use of a motor vehicle had he been aware of the
consequences of the trial court's affirmative finding of possession of a firearm in the commission
of the crime. The Texas Code of Criminal Procedure article 42.18, section 8(b) [which was
formerly article 42.12, section 15(b)] prescribes that if a conviction judgment recites an
affirmative finding of a deadly weapon, the convict is not eligible for a release on parole until his
actual calendar time served, without consideration of good conduct time, equals one-fourth of the
maximum sentence or fifteen years, whichever is less, but in no event will he be eligible for parole
in less than two calendar years. Appellant complains that he did not know the consequences of
the trial court's finding of a deadly weapon used upon his eligibility for parole, although the
record shows that his attorney never gave him any inaccurate advice on this subject. For this
reason, Appellant contends that his guilty plea was not voluntary.
          A basic tenet of constitutional criminal jurisprudence is that a guilty plea entered by a
defendant must be voluntarily entered. Ex parte Evans, 690 S.W.2d 274, 275 (Tex. Crim. App.
1985); Tex. Code Crim. Proc. art. 26.13(b).
          Article 26.13 of the Code of Criminal Procedure requires a trial court accepting a
defendant's plea of guilty to admonish a defendant about these aspects of his guilty plea. An
affidavit in the record, when executed by defendant and approved by the trial court, is sufficient
and may be used as a substitute for a trial court's personal admonishments required by article
26.13. Williams v. State, 522 S.W.2d 483 (Tex. Crim. App. 1975).
          In the case at bar, Appellant did not personally receive the admonishments required by
article 26.13 from the trial court, but Appellant did execute an affidavit reciting the required
admonishments. This being so, Appellant cannot complain of any error concerning the
voluntariness of his plea. Ex parte Evans, 690 S.W.2d 274 (Tex. Crim. App. 1985), holds that
where the defendant pleads guilty in reliance upon his counsel's erroneous advice on the subject
of parole eligibility, the guilty plea was not involuntary because parole eligibility was not a part
of the plea bargain. In the case at bar, the Appellant's parole eligibility was not in any respect a
part of the plea bargain; therefore, Appellant's plea of guilty was voluntary.
          The record shows that Appellant waived his right to a jury trial, that he understood his
rights, that he had read and freely signed the instrument denominated, "Waiver of Constitutional
Rights, Agreement to Stipulate, and Judicial Confession," and had fully reviewed it with his
attorney. He further stated that he understood his rights and voluntarily waived them.
          The evidence was clearly sufficient to establish his guilt. The trial court informed
Appellant of the range of punishment for this offense. The punishment is within the range
prescribed by law.
          Counsel served a copy of his brief upon Appellant and informed him by letter that, in
counsel's view, the appeal is wholly without merit; that Appellant has the right to review the
record and file a pro se brief if he should so desire. Counsel also furnished a motion for extension
of time to file his pro se brief for Appellant's signature. Appellant did not file a pro se brief.
          After a full examination of the entire proceeding, we conclude that an appeal is frivolous. 
See Anders, 386 U.S. at 744, 87 S.Ct. at 1400. We affirm the trial court's judgment.
 
                                                                                 JOHN A. JAMES, JR.
                                                                                 Justice (Retired)

Before Justice Cummings,
          Justice Vance, and
          Justice James (Retired)
Affirmed
Opinion delivered and filed February 24, 1993
Do not publish